IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Reverend Franklin C. Reaves;<br>Fannie Melette; Lamare Melette;<br>Betty R. Davis; Lewan Melette;<br>Susan Crawford; Frances Huggins;<br>David Frazier; Michael Small;<br>Beulah McCumings;<br>Moneik M. McCummings; and<br>Ashley T. McCummings;<br><br>      Plaintiffs,<br><br>vs.<br><br>State of South Carolina; and<br>Henry McMaster, Attorney General<br>of South Carolina,<br><br>      Defendants. | C.A. No. 4:05-566-TLW-TER<br><br><br><br>**AMENDED ORDER**<br>(Amended Caption)[1] |

This matter comes before the Court upon plaintiffs' "Motion in Objection to United States Magistrate Judge." (Doc. # 25). In their motion plaintiffs move this Court to dismiss United States Magistrate Judge Thomas E. Rogers, III, pursuant to 28 U.S.C. 636(c) because they have not consented to proceed before a United States Magistrate Judge. In their attached supporting memorandum, the plaintiffs indicate they do not voluntarily waive their rights to proceed before a Judge of the United States District Court and do not consent to have a United States Magistrate Judge conduct any proceedings in the case.

Plaintiffs cite 28 U.S.C. § 636(c) which reads in relevant part as follows:

---

[1] This Order has been amended to conform the caption of this Order to the caption of the original complaint. No other changes have been made.

1

    **c)**    Notwithstanding any provision of law to the contrary–

        **(1)**    Upon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. 636(c) does indicate that parties may consent to have a Magistrate Judge conduct any or all proceedings in a jury or non-jury civil matter and order the entry of judgment in the case. However, there are other additional sections of 28 U.S.C. 636, as well as certain Local Civil Rules, which have been adopted in this District, and which apply in plaintiffs' case.

Pursuant to Title 28, United States Code, Section 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. 28 U.S.C. § 636(b)(1) reads in its entirety:

**(b)(1)** Notwithstanding any provision of law to the contrary--

**(A)**    a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

**(B)**    a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

**(C)**    the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of

> court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Local Rule 73.02 entitled "Assignment of Duties to Magistrate Judges" provides in subsection (b)(2)(e) that all pre-trial proceedings involving litigation by individuals proceeding *pro se* are automatically referred to a full-time Magistrate Judge upon filing. Additionally, under the Federal Magistrates Act, specifically, 28 U.S.C. § 636(b)(1)(B), a district court may, without the parties' consent, designate a magistrate to consider a dispositive motion, such as a motion to dismiss or for summary judgment. After considering such a motion, a magistrate must submit "proposed findings of fact and recommendations for the disposition, by a judge of the court . . .." The Act permits a party who objects to the magistrate's proposals to file written objections. Id. at § 636(b)(1)(C). If a party objects, the district court shall make a de novo review of the specified proposed findings or recommendations objected to. Camby v. Davis, 718 F.2d 198 (4th Cir. 1983).

    Based on the authority outlined above and the well-settled Fourth Circuit law, this Court finds it is appropriate for the assigned Magistrate Judge to continue to conduct all pre-trial proceedings in this case, as well as to consider, and prepare a Report and Recommendation for this Court's review and ultimate disposition, with regard to any dispositive motions, which may be filed on some later date. Accordingly, plaintiffs' motion in objection to and request to dismiss the Magistrate Judge is hereby **DENIED**.

    **IT IS SO ORDERED.**

s/ Terry L. Wooten

October 31, 2005  
Florence, South Carolina

Terry L. Wooten  
United States District Court Judge