UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| REVEREND FRANKLIN C. REAVES,<br>FANNIE MELETTE, LAMAR MELETTE,<br>BETTY R. DAVIS, LEWAN MELETTE,<br>SUSAN CRAWFORD, FRANCES S.<br>HUGGINS, DAVID FRAZIER, MICHAEL<br>SMALL, BEULAH McCUMMINGS,<br>MONEIK M. McCUMMINGS, and<br>ASHLEY McCUMMINGS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 4:05-0566-TLW-TER<br><br><br><br>**REPORT AND RECOMMENDATION** |
| Plaintiffs, | )<br>) | |
| -vs- | )<br>)<br>) | |
| STATE OF SOUTH CAROLINA, | )<br>) | |
| Defendant. | )<br>) | |
| _____ | ) | |

## I.      INTRODUCTION

Plaintiffs, proceeding pro se, bring this action pursuant to the Voting Rights Act of 1965, 42

U.S.C. § 1973.  Presently before the Court is Defendant's Motion to Dismiss (Document # 65).  All

pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28

U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC.  Because this is a dispositive

motion, the following Report and Recommendation is entered for review by the district judge.

## II.      PROCEDURAL HISTORY

Plaintiffs filed this action in the United States District Court for the District of Columbia on

October 22, 2004, against Defendant State of South Carolina and several federal defendants.  While

this case was pending before the court in the District of Columbia, Plaintiffs filed a motion

(Document # 22-3) for the designation of a three-judge district court.  The Honorable Paul L.

Friedman, District Judge, determined that the case was appropriate for the convocation of a three-

judge district court, and the Chief Judge of the District of Columbia Circuit Court designated the three judges to sit on the court (Document # 22-9). The three-judge district court issued an order (Document # 22-24) granting the federal defendants' motion to dismiss, denying the State of South Carolina's motion to dismiss, and transferring the case to this Court.

This Court received the case on February 22, 2005, and the case was assigned to the Honorable Terry L. Wooten, District Judge, and, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC, the undersigned.[1] On May 13, 2005, the undersigned issued an Order (Document # 24) noting that Plaintiffs' Complaint alleged a change in location of polling places without preclearance but that the Complaint contained no specific factual allegations on the claim. The Order directed Plaintiffs to, within ten days of the date of the order, file "a Memorandum setting forth with particularity the factual bases upon which the claim is based that polling places were changed." The Order further advised Plaintiffs that if "you fail to file something you are required to file within a deadline set by a District Judge or Magistrate Judge, your case may be dismissed for violating this Order." Plaintiffs failed to respond to the Order.

On September 21, 2005, Defendant State of South Carolina filed a Motion to Compel (Document # 39) Plaintiffs to answer its first set of interrogatories. Plaintiffs did not file a response to the motion. On January 5, 2006, the undersigned issued an Order (Document # 46) granting Defendant's Motion to Compel and directing Plaintiffs to respond to Defendant's interrogatories within ten days of the date of the Order. The Order warned Plaintiffs that "**failure to cooperate in the discovery process and to abide by a court order may result in sanctions, including dismissal of their case**." Plaintiffs failed to comply with the Order.

---

[1] Local Rule 73.02(B)(2)(e) provides for the automatic reference of all pretrial proceedings involving pro se litigants to a full-time Magistrate Judge. Thus, this case was automatically referred to the undersigned upon transfer to this Court.

On August 24, 2007, Defendant filed a Motion to Dismiss (Document # 65) pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure for Plaintiffs' failure to cooperate in the discovery process and abide by orders of the Court. Because Plaintiffs are proceeding <u>pro se</u>, they were advised, pursuant to <u>Roseboro v. Garrison</u>, 528 F.3d 309 (4th Cir.1975), that a failure to respond to Defendant's Motion to Dismiss could result in dismissal of their Complaint. Plaintiffs filed a Response (Document # 71), essentially arguing that they have disregarded the Orders of this Court because a three judge district court has not been convened in this district following the transfer to this Court from the District Court for the District of Columbia.

On October 22, 2007, the undersigned issued an Order (Document # 74) noting that "even if a three judge district court were appropriate, 28 U.S.C. § 2284(b)(3) provides that a single judge may conduct all proceedings other than trial and other specified motions" and directing Plaintiffs "to comply with this Court's previous orders, namely the Order issued by the undersigned on May 13, 2005 (Document # 24), and the Order issued by the undersigned on January 5, 2006 (Document # 46), within ten (10) days from the date of this Order." The October 22, 2007, Order also directed the parties to "file a brief within ten (10) days of the date of this Order addressing the issue of whether the decision by the United States District Court for the District of Columbia that a three-judge district court is appropriate in this case is binding upon this Court." The Order specifically provided that "failure to abide by this Order may result in dismissal of this case." Defendants filed a response on November 1, 2007 (Document # 77). Plaintiffs failed to respond.

## III.    DISCUSSION

### A.    Three-Judge District Court

Plaintiffs argue that this case must proceed before a three-judge district court because the "United States Court of Appeals For The District of Columbia Ordered that this case by [sic] heard and decided by a Three-Judge District Court." Plaintiff's Response to Defendant's Motion to

Dismiss (Document # 71-2) at 4. Plaintiffs appear to argue that the Order has some sort of binding effect on this Court because it was issued by a Court of Appeals. However, pursuant to 28 U.S.C. § 2284, the "judge to whom the request [for a three-judge court] is presented" is the judge to make the determination as to whether such a request is appropriate. If that judge determines that a three-judge district court is appropriate, he then notifies the chief judge of the circuit who will designate two other judges to sit on the three-judge district court. The Order of the Unites States Court of Appeals for the District of Columbia Circuit (Document # 22-9), to which Plaintiffs refer, reveals that the district judge, the Honorable Paul L. Friedman, reached the conclusion that a three-judge district court was appropriate for this case. The chief judge for the circuit court only designated the other judges who would sit on the three-judge court. Thus, to the extent Plaintiffs argue that the Order is binding on this Court because it was issued by an appellate court[2] is without merit.

Because the United States District Court for the District of Columbia is not superior to this court, the doctrine of stare decisis is not applicable here. See Fishman & Tobin, Inc. v. Tropical Shipping & Construction Co., Ltd., 240 F.3d 956, 965 (11th Cir. 2001) (noting that stare decisis "only applies in situations where a court is bound by its own controlling decisions or that of court to which it is obedient."). The only doctrine arguably applicable here is that of "law of the case." Generally speaking, the "law of the case" doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). However, the doctrine "simply expresses common judicial practice; it does not limit the courts' power." Castro v. United States, 540 U.S. 375, 384, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). As recently discussed in City of Charleston, S.C. v. Hotels.com, LP, — F.Supp.2d. —, 2007 WL 3256707 (D.S.C. 2007):

---

[2]Furthermore, a decision by a federal court of appeals is binding only within its circuit. See Virginia Society for Human Life, Inc. v. Federal Election Com'n, 263 F.3d 379, 393 (4th Cir. 2001).

this doctrine is intended as a guidepost, not a binding legal rule:

> Unlike the more precise requirements of <u>res judicata</u>, law of the case
> is an amorphous concept. As most commonly defined, the doctrine
> posits that when a court decides upon a rule of law, that decision
> should continue to govern the same issues in subsequent stages in the
> same case. Law of the case directs a court's discretion. It does not
> limit the tribunal's power.

<u>Id.</u> at *12 (citing <u>Arizona v. California</u>, 460 U.S. 605, 618-619, 103 S.Ct. 1382, 75 L.Ed.2d 318

(1982), <u>In re Carefirst of Maryland, Inc.</u>, 305 F.3d 253, 261 (4th Cir.2002) ("The law of the case

doctrine is not so rigid that it requires a judge to follow a prior ruling, which is not a final order and

has not been the subject of an appeal, as if the issue is <u>res judicata</u>.") (quoting <u>Schachner v. Blue</u>

<u>Cross & Blue Shield of Ohio</u>, 77 F.3d 889, 894 (6th Cir.1996))).  "'The only restraint upon a second

judge in passing upon an interlocutory order issue decided by another judge in the same case is one

of comity only, which in no way infringes upon the power of the second judge to act.'" <u>Brainard v.</u>

<u>Atchison, Topeka & Santa Fe Ry. Co.</u>, 87 F.Supp. 921, 923 (D.Kan. 1950) (citing <u>Bowles v. Wilke</u>,

175 F.2d 35, 37 (7th Cir. 1949)).

In the present case, the three-judge district court noted in its Order of February 1, 2005, that

it was convened because the judge to whom the case was originally assigned notified the chief judge

of the circuit that the case "seemed appropriate" for the appointment of a three-judge court.  Order

(Document # 22-24) at 3. In that same Order, the three-judge district court dismissed Count I of

Plaintiffs' complaint as "wholly insubstantial," dismissed Count II of the Complaint as to the federal

defendants[3], and transferred the remainder of the case to this Court pursuant 28 U.S.C. § 1404(a).

The file was physically transferred to this Court on February 22, 2005. Jurisdiction is conveyed from

the transferor court to the transferee court once the case record is physically transferred to the

---

[3]The three-judge district court made no judgment about the merits of Count II as asserted
against the State of South Carolina.

transferee court. <u>Wilson-Cook Medical, Inc. v. Wilson</u>, 942 F.2d 247, 250 (4th Cir. 1991). Upon

transfer to this Court, the case was assigned to a single judge, District Judge Wooten. For two years,

Plaintiffs have failed to abide by orders of this Court or otherwise participate in this action. Now,

facing a motion to dismiss, they fail to respond except to raise for the first time that a three-judge

court should be convened in this Court. This case is not appropriate for a three-judge panel. This

determination is even more clear considering the posture of the case[4] and Plaintiffs' forbearance, or,

at best, dilatory action, in asserting the three-judge court issue. Accordingly, it is recommended that

the case continue to proceed before Judge Wooten as it has since the case was transferred on

February 22, 2005.[5]

**B.    Defendant's Motion to Dismiss**

Defendant moves to dismiss this action pursuant to Rules 37(b) and 41(b) of the Federal

Rules of Civil Procedure  based upon Plaintiffs' numerous failures to comply with the discovery

process and this Court's previous orders.

In <u>Mutual Federal Savings & Loan v. Richards & Assocs.</u>, 872 F.2d 88, 92 (4th Cir. 1989),

the Fourth Circuit set forth the test a district court should use in deciding whether to impose the

sanction of dismissal pursuant to Rule 37, Fed.R.Civ.P. A district court should consider (1) whether

the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused

the adversary, which necessarily includes an inquiry into the materiality of the evidence that was not

---

[4]Some of the Plaintiffs in the present case have raised the same or similar causes of action under the Voting Rights Act in at least three other cases in this court. <u>See</u> <u>Glover, et al v. S.C. Democratic Party, et al</u>, 4:04-cv-2171-TLW; <u>Reaves, et al v. S.C. Democratic Party</u>, et al, 4:04-cv-2047-TLW; <u>Reaves et al v. Sweeney et al</u>, 4:04-cv-22206-TLW. A three-judge district court was not designated in any of those cases.

[5]As noted above, this case proceeded in its present state, that is, before a single district judge, for over two years before Plaintiffs raised any objection or argument regarding the applicability of a three-judge district court.

produced; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. <u>Id.</u> (citing <u>Wilson v. Volkswagen of America, Inc.</u>, 561 F.2d 494, 503-04 (4th Cir. 1977).

Furthermore, a complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989), <u>cert</u>. <u>denied</u> 493 U.S. 1084 (1990); <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: (1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal. <u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

Plaintiffs in this action have consistently failed to comply with the Federal Rules of Civil Procedure, Local Rules of the District of South Carolina, and Orders of this Court. As noted above, Plaintiff failed to comply with this Court's Order of May 13, 2005 (Document # 24), directing them to provide additional information regarding their claim of a change in the location of polling places for the Democratic Party Primary Election in June of 2004. That order specifically noted that if "you fail to file something you are required to file within a deadline set by a District Judge or Magistrate Judge, <u>your case may be dismissed for violating this Order</u>."

On June 3, 2005, the Court issued a Scheduling Order (Document # 29), requiring the parties to serve Rule 26(a) disclosures by July 7, 2005. Defendant served Plaintiffs with the disclosures on July 7, 2005 (see Certificate of Service attached to Document # 30). Plaintiffs failed to serve the Rule 26(a) disclosures as required by the Federal Rules of Civil Procedure and the Scheduling Order in this case.

Defendant served Plaintiffs with Interrogatories on July 25, 2005.  Plaintiffs failed to respond to the Interrogatories in violation of Federal Rule of Civil Procedure 37 and Local Rule 37.01.  As such, Defendant filed a Motion to Compel (Document # 39) on September 21, 2005.  Plaintiffs failed to respond to the Motion to Compel.  The undersigned granted the Motion to Compel by Order dated January 5, 2006 (Document # 46).  The Order directed Plaintiffs to respond to Defendant's Motion within ten days of the date of the Order.  It further advised Plaintiffs "**that failure to cooperate in the discovery process and to abide by a court order may result in sanctions, including dismissal of their case**."  Order at 2.  Plaintiffs failed to comply with this Order.

Plaintiffs also failed to comply with this Court's Order dated October 22, 2007 (Document # 74), in which the undersigned allowed Plaintiffs an additional opportunity to respond to the previous orders of the Court.  The Order also directed both parties to brief the issue of the necessity of a three-judge district court.  Defendants timely filed a brief; Plaintiffs did not.

This Court has provided Plaintiffs numerous opportunities to participate in this action in an appropriate manner.  Plaintiffs have flagrantly disregarded Orders of this Court and the rules of procedure.  Plaintiffs have further neglected to heed the numerous warnings of this Court that failure to participate in the discovery process or abide by orders of the Court could result in dismissal of this action.  Plaintiffs' actions demonstrate "a pattern of indifference and disrespect to the authority of the court."  See Mutual Federal, 872 F.2d at 92.  Moreover, Plaintiffs are proceeding pro se and, thus, are entirely responsible for their actions.  Plaintiffs' disregard of Orders of this Court and the rules of procedure as well as their lack of participation in this case are solely through their neglect and not that of an attorney.

Plaintiffs' bad faith refusal to participate in the discovery process and abide by the Orders of this Court has severely hindered Defendants' ability to put forth a defense in this case, specifically,

by their failure to clarify the claims raised in their Complaint as ordered by this Court in May of 2005.

Furthermore, the need to deter the behavior demonstrated by Plaintiffs in this case is great.[6] As stated by the Fourth Circuit, "[i]n such cases, not only does the noncomplying party jeopardize [the] adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." Mutual Federal, 872 F.2d at 92 (citing National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) ; Wilson, 561 F.2d at 504).

As noted above, this Court has allowed Plaintiffs ample opportunities to participate in this case and to comply with Defendants' discovery requests and Orders of the Court. Furthermore, with each opportunity, the undersigned has warned Plaintiffs of the possibility of dismissal for noncompliance. Plaintiffs have repeatedly failed to heed these warnings. Thus, less drastic sanctions would fail to provide the deterrence necessary in this action.

In light of Plaintiffs' continuous and flagrant disregard for the authority of this Court as set forth above and pursuant to Rules 37(b) and 41(b), Fed.R.Civ.P., it is recommended that Defendant's Motion to Dismiss be granted.[7]

---

[6]It is noted that some of the Plaintiffs in the present case have engaged in similar conduct in other cases before this court. See, e.g., Reaves, et al v. Sweeny, et al, 4:04-cv-22206-TLW and Reaves, et al v. S.C. Democratic Party, et al, 4:04-cv-2047-TLW.

[7]As noted above, the District Court for the District of Columbia dismissed Count I of the Complaint as "wholly insubstantial," leaving Count II as the only pending cause of action. In Count II Plaintiffs set forth the sole, conclusory allegation that Defendant changed polling place locations without obtaining the necessary preclearance under Section 5 of the Voting Rights Act. The Complaint fails to set forth any facts regarding the alleged change in polling place locations and, as discussed, Plaintiffs chose not to respond to this Court's Order directing them to provide additional information regarding their claim. The conclusory nature of Plaintiffs allegation, coupled with Plaintiffs' failure to abide by the Court's previous orders or to participate in discovery, precludes the undersigned from considering the legal or factual sufficiency of Plaintiffs' claim. As argued by Defendant it its Motion to Dismiss, it has been unable to defend this case on the merits due to

## V.    CONCLUSION

For the reasons set forth above, it is recommended that the district judge find that this case is not appropriate for a three-judge district court.  It is further recommended that Defendant's Motion to Dismiss (Document # 65) be granted and this case dismissed in its entirety.

 s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

November 14, 2007
Florence, South Carolina

**The parties' attention is directed to the important notice contained on the following page(s).**

_____

Plaintiffs' failure to participate.