UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Reverend Franklin C. Reaves; Fannie Melette, Lamar Melette, Betty R. Davis, Lewan Melette, Susan Crawford, Frances S. Huggins, David Frazier, Michael Small, Beulah McCummings, Moneik M. McCummings, and Ashley McCummings, <br><br> Plaintiffs, <br><br> -vs- <br> State of South Carolina , <br><br> Defendant. | Civil Action No. 4:05-566-TLW-TER |

This action has been filed by the plaintiffs, who are proceeding *pro se*. This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In his Report, Magistrate Judge Rogers recommends that this Court find that this case is not appropriate for a three-judge district court; and that defendant's motion to dismiss be granted and this case be dismissed in its entirety. The Report was filed on November 14, 2007. Plaintiffs filed objections on November 27, 2007.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept,

reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, <u>de</u> <u>novo</u>, the Report and the objections thereto. The Court accepts the Report.[1]

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 81), plaintiff's objections are **OVERRULED** (Doc. # 83); and defendant's motion to dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure is **GRANTED** (Doc. # 65), and plaintiffs' complaint is **DISMISSED** in its entirety for all of the reasons set forth in the Report.

**IT IS SO ORDERED.**

                                                  s/ Terry L. Wooten
                                              **TERRY L. WOOTEN**
                                              **UNITED STATES DISTRICT JUDGE**

January 23, 2008
Florence, South Carolina

---

[1] This Court notes that some of the plaintiffs in the present case have raised the same or similar causes of action under the Voting Rights Act in at least three other cases in this Court. See <u>Glover, et al v. S.C. Democratic Party, et al</u>, 4:04-CV-2171-TLW; <u>Reaves, et al v. S.C. Democratic Party, et al</u>, 4:04-CV-2047-TLW; and <u>Reaves, et al v. Sweeney et al</u>, 4:04-CV-22206-TLW. As noted by the Report, a three-judge panel was not designated in any of those cases. Additionally, the Court notes that in <u>Glover</u>, after extensive briefing and hearing on the case, the Court addressed all issues on the merits and dismissed the case in its entirety, as affirmed by the Fourth Circuit Court of Appeals on March 3, 2005. The Court found that the facts alleged did not constitute a § 5 claim requiring preclearance, which appears to be the primary issue raised in the instant action. Also, the Court specifically found that the types of § 5 claims alleged by plaintiffs in that case were not the type covered by the Voting Rights Act that required review by a three-judge panel, and denied plaintiff's request to convene such a panel.